UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID S. ALLARD and
ANDREW J. STREU,

    Plaintiffs,

v.                                       Case No. 2:21-cv-10114
                                        Honorable Linda V. Parker

MIDLAND COUNTY JAIL, et al.,

    Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Plaintiffs David S. Allard and Andrew J. Streu, inmates currently in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiffs allege Defendants Midland County Jail, Midland County, and Advanced Correctional Healthcare, Inc., violated their civil rights by failing to protect them from COVID-19. (*Id.* at Pg. ID 4.) Plaintiffs seek money damages for their "mental and emotional duress," pain and suffering, as well as fear of contagion. (*Id.* at Pg. ID 8.) Because Plaintiffs have failed to state a claim upon which relief may be granted, the complaint will be summarily dismissed.

## FACTUAL & PROCEDURAL BACKGROUND

Plaintiffs assert that "Midland County was not prepared to protect us from COVID-19" and that Defendants took several actions that placed them at risk of contracting the virus. (*Id.* at Pg. ID 5, 7.) For example, "Administration and Medical" declined to test them for COVID-19, although their temperatures were checked. (*Id.*) Staff members did not wear masks and were not tested. (*Id.* at Pg. ID 7.) Plaintiffs were denied masks and the opportunity to socially distance, as well as proper cleaning of their cells. (*Id.* at Pg. ID 5, 7.) They also claim they were transported in a van with an individual who tested positive for COVID-19 (*id.* at Pg. ID 5) and they have been transported to and from Midland County Courthouse, which put them at greater risk of contracting the virus (*id.* at Pg. ID 7).

The Complaint describes the injuries sustained as follows: "I am suffering from mental and emotional duress. . . . They caused me to fear for my life on a daily basis." (*Id.* at Pg. ID 8.) (The statement is unclear as to which of the two Plaintiffs is the subject of this assertion.) Plaintiffs also state that they ultimately contracted COVID-19. (*Id.* at Pg. ID 7.) However, that appears to have occurred after transferring from Midland County Jail to MDOC. (*See id.* at Pg. ID 7 (referring to their transfer to "RGC" (Charles Egeler Reception & Guidance Center, a MDOC facility), Plaintiffs state that "[t]hey sent us to an even unsafer [sic] place where we DID catch it").)

The Complaint notes that both Plaintiffs were at the Midland County Jail from March to September 2020. (*Id*. at Pg. ID 6.) Both Plaintiffs signed the Complaint on December 20, 2020. (*Id*. at Pg. ID 14.) They request $100,000 or $500 per day as relief. (*Id.* at Pg. ID 8.)

Neither Plaintiff paid a filing fee in this case. Plaintiff Allard filed two applications for *in forma pauperis* status (ECF Nos. 2, 4), although both were deficient as they did not contain the required certified trust account statement. Plaintiff Streu did not file an application to proceed *in forma pauperis*. Streu is also a plaintiff in a multi-plaintiff prisoner lawsuit in this district against Midland County Jail, which raises similar complaints about the Jail's response to the pandemic from February 2020 to May 2020. (*See Scouten*, *et al.*, *v. Midland County Jail*, *et al.*, Case No. 20-11708, Compl., ECF No. 1 at Pg. ID 7.) Streu was granted *in forma pauperis* in that case. (*See* Case No. 20-11708, Order, 12/8/20, ECF No. 55.)

## APPLICABLE LAW

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to dismiss *sua sponte* a prisoner's complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010)

(citing 28 U.S.C. §§ 1915(e), 1915A(b); 42 U.S.C. § 1997e(c)). The screening requirement extends to all prisoner civil cases, whether fee-paid or *in forma pauperis*, "as the statute does not differentiate between civil actions brought by prisoners." *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997).

The dismissal standard under the PLRA is equivalent to that of Federal Rule of Civil Procedure 12(b)(6), as clarified by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). When evaluating a complaint under that standard, courts "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 570).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957); Fed. R. Civ. P. 8(a)(2)). Courts need not "accept as true a legal conclusion couched as a factual allegation[,]" and any "naked assertion[s]" require "further factual enhancement" to comply with Rule 8(a). *Id.* at 555, 557.

To state a civil rights claim under 42 U.S.C. § 1983, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (citation omitted). A plaintiff must allege "more than just mere negligence." *Fisher v. City of Memphis*, 234 F.3d 312, 317 (6th Cir. 2000) (citations omitted). In addition, the plaintiff must allege that "the defendants were personally involved in the alleged deprivation of federal rights." *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (citing *Hall v. United States*, 704 F.2d 246, 251 (6th Cir.1983)).

A *pro se* civil rights complaint is to be construed liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). And such a complaint "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## ANALYSIS

Plaintiffs' Complaint is subject to summary dismissal. The PLRA "provides that a prisoner may not bring a civil action for mental or emotional injury unless he has also suffered a physical injury." *King v. Zamiara*, 788 F.3d 207, 213 (6th Cir. 2015) (citing 42 U.S.C. § 1997e(e)); *see also Minneci v. Pollard*, 565 U.S. 118, 129 (2012). While the physical injury "need not be significant, it must be more than *de minimis* for an Eighth Amendment claim to go forward." *Flanory*, 604 F.3d at 254 (citations omitted).

Here, Plaintiffs have alleged no physical injury. They describe their injuries as "mental and emotional duress" and "fear for my life." (ECF No. 1 at Pg. ID 8.) Plaintiffs appear to have contracted COVID-19 *after* leaving Midland County Jail and upon their transfer to MDOC's custody. Plaintiffs have thus failed to allege any physical injury attributable to any of the defendants.

Even if the Complaint were not dismissed, Midland County Jail would be dismissed from the case because it is not a proper defendant. Section 1983 imposes liability on any "person" who violates an individual's federal constitutional or statutory rights. County jails, sheriff departments, and other governmental agencies are not legal entities subject to suit under 42 U.S.C. § 1983. *Marbry v. Corr. Med. Servs.*, 238 F.3d 422 (6th Cir. 2000) (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)).

Further, Midland County will be dismissed because Plaintiffs have failed to state a claim against it upon which relief may be granted. A government entity may be held liable when execution of its unconstitutional policy causes injury. *Los Angeles County v. Humphries*, 562 U.S. 29, 36 (2010) (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978)); *see also Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997). To demonstrate municipal liability, Plaintiffs must "(1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that [their] particular injur[ies] [were] incurred due to execution of that policy." *Morgan v. Fairfield County*, 903 F.3d 553, 566 (6th Cir. 2018) (citing *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003)).

Plaintiffs allege that neither they nor County employees were tested for COVID-19, employees did not wear masks, and Plaintiffs were not provided with

7

masks. (ECF No. 1 at Pg. ID 5, 7.) They conclude that "Midland County was not prepared to protect us from COVID-19." (*Id.* at Pg. ID 7.)

Plaintiffs allegations do not establish they were injured by a policy attributable to Midland County. "Policy," for the purposes of municipal liability, requires finding "a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985) (stating that "'policy' generally implies a course of action consciously chosen from among various alternatives")). Taking all allegations in a light favoring Plaintiffs, as we must at this stage, the lack of testing and protective equipment may be descriptive of a policy regarding how to address COVID-19. *See Pembaur*, 475 U.S. at 483-84. Most fatal to Plaintiffs' cause, however, is the fact that they have not demonstrated a redressable physical injury. Therefore, they cannot establish that any policy or custom of Midland County violated their constitutional or federal rights.

Similarly, Advanced Correctional Healthcare, Inc., must also be dismissed. A private entity which performs a traditional state function under contract to the state, "such as providing medical care to prison inmates[,]" also "may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (citing *West v. Atkins*, 487 U.S. 42, 54 (1988)), *abrogation on other*

8

*grounds recognized by Warren v. Prison Health Servs., Inc.*, 576 F. App'x 545, 559 (6th Cir. 2014).  In addition, a private contractor is liable for its own policies or customs.  *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005) (citations omitted).

Plaintiffs allege that "Medical"—presumably Advanced Correctional Healthcare—refused to test inmates for COVID-19 unless they had "every symptom" of the virus.  (ECF No. 1 at Pg. ID 5 (emphasis in original).)  Again taking all allegations in a light favoring Plaintiffs, this appears to describe Defendant's coronavirus testing policy.  However, as with Midland County, Plaintiffs have alleged no injury associated with execution of the policy, so their claim against Advanced Correctional Healthcare fails.

## CONCLUSION

For the reasons stated above, the Court will summarily dismiss Plaintiffs' Complaint.  Ordinarily, Plaintiffs who fail to prepay the filing fee or file a proper application to proceed *in forma pauperis* are informed of the deficiency and ordered to correct it.  Because Plaintiffs' allegations fail to state a claim upon which relief may be granted and all Defendants and the Complaint must be dismissed, ordering Plaintiffs to correct the deficiency would be futile and would serve only to delay disposition of Plaintiffs' case.  The Court will grant Plaintiffs *in forma pauperis* status based on Plaintiff Allard's two applications, and Plaintiff

9

Streu's demonstration of his *in forma pauper* status in *Scouten, et al., v. Midland County Jail, et al.*, Case No. 20-11708.

Accordingly,

**IT IS ORDERED** that all Defendants are **DISMISSED** from the above-captioned case.

**IT IS FURTHER ORDERED** that the Complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e), 1915A(b).

**IT IS FURTHER ORDERED** that Plaintiffs are **GRANTED** *in forma pauperis* status.

**IT IS FURTHER ORDERED** that Plaintiff is **DENIED** leave to appeal *in forma pauperis* as an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 22, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 22, 2021, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager
